[Chambersburg, October, 20, 1828.]

## WRIGHT and Wife *against* BROTHERTON and another.

### IN ERROR.

Testator directs, that "the legacy coming to my daughter E., intermarried unto B. K., shall be lent out on interest, to support the said E. during her life; and after her death, if she die leaving no lawful children, her share, what is left, shall be equally divided amongst my children. And I do further order and bequeath unto my son-in-law B. K., the sum of five pounds, which shall be his share in full out of my estate. And it is further my will, and I do order, that the legacy coming unto my daughter M., intermarried unto J. W., shall be put out on interest for the support for her natural life, and after her death, if she dies without lawful heirs, shall be equally divided amongst my children, what is left. And I bequeath unto my son-in-law, J. W., the sum of five pounds, which shall be his share in full." *Held*, that the legacy coming to M. under this part of the will, on the death of E., is subject to the direction of the testator, to have it put out at interest, &c.

ERROR to the Court of Common Pleas of *Franklin* county.

*Chambers*, for the plaintiffs in error.

*M'Cullough*, contra.

The opinion of the court was delivered by

SMITH, J.—The plaintiffs claim, by and under the will of *Conrad Fishburn*, deceased, who, after having made his will, died in 1800, leaving six children, namely, *Philip, Frederick, Conrad, Elizabeth*, married to *Benjamin Koony, Mary*, married to *John Wright*, the now plaintiff, and *Barbara.* After the death of the testator, *Elizabeth Koony* died, without issue. The principal point in this case, arises on the following clauses in the said will, to wit:—

"The legacy coming to my daughter *Elizabeth*, intermarried unto *Benjamin Koony*, shall be lent out on interest to support the said *Elizabeth* during her life; and after her death, if she die leaving no lawful children, her share, what is left, shall be equally divided amongst my children. And I further order and bequeath, unto my son-in-law, *Benjamin Koony*, the sum of five pounds, which shall be his share in full, out of my estate. And it is further my will, and I do order, that the legacy coming unto my daughter *Mary*, intermarried unto *John Wright*, shall be put out on interest for the support for her natural life, and after her death, if she dies without lawful heirs, shall be equally divided amongst my children, what is left. And I bequeath unto my son-in-law, *John Wright*, the sum of five pounds, which shall be his share in full."

The question, made in this case, resolves itself into a question of intention, and is, whether the legacy, coming to *Mary*, under this part of the will, on the *death* of *Elizabeth*, vests in her absolutely, or whether it is subject to the direction of the testator, to have it put out on interest for her support during her life, and then to be

(Wright and Wife *v.* Brotherton and another.)

divided among the children of the testator?   At this time of day,
it is certainly indisputable, that the intention of a testator, express-
ed in his will, and fairly drawn from it, must govern the construc-
tion of it; it is the pole star in every will, and ought to be firmly
adhered to, where it can be satisfactorily discovered.   Courts of
justice always endeavour to find out the intention of a testator, and
to effectuate every provision intended by him, if not contrary to
established rules of law.   In our endeavours to ascertain the inten-
tion of a will, we must take the *whole* of it together, not detached
passages; "its four corners," (as a late learned judge of this court,
expressed himself,) "must be examined, and the true meaning of the
testator, even spelt out by little hints."   The words of a will, are to
be taken according to their common use, and the common language
of the country, and effect is to be given to every word.   If parts
of a will should appear to be inconsistent with each other, it is the
duty of a court to reconcile them, if that can be, without doing vio-
lence to other parts of it, and if it be in accordance with the general
intent of it; for no part of a will ought to be lost, or rejected, unless
it be absolutely necessary.   This will appears to be one, in which a
father intended to provide for his children: in many parts of it, he
speaks of "his children."   After a legacy to his wife, he directs,
that what remains after his decease, shall be equally divided "among
his children;" and, that "his children" shall be paid share and
share alike.   Indeed, all his children appear to have had hold on
his affections, and to have been the sole objects of his bounty and
care, and no other persons.   In that part of his will, in which the
testator orders *Elizabeth's legacy*, after her death, without issue,
to be equally divided among his children, there is not, in my opi-
nion, any circumstance to lead the mind to suppose, that he intended
to use the word "legacy," in a sense different from that applied to
it in other parts of the will; and, after an attentive consideration of
this part of the will, I have come to the conclusion, that the testator
intended, all that part of his estate, which *Elizabeth* took by the same,
should be divided at her death, without issue on her part, among
his other children; for, it appears to me, he used the terms "legacy"
and "share," as synonymous; and the sentences, restricting the inte-
rest of *Elizabeth* to a life estate, and giving at the same time, to
her husband, a legacy of five pounds, declaring it to be *his share
in full* out of his estate; and in that part, relative to *Mary's* share,
in which he gives a legacy to her husband, *John Wright*, of five
pounds, declaring, it shall be *his share in full*, go to show, that his
intention was, that his children alone should have his estate.   It is
evident, that the testator thought of, and well knew, the connexion
in which *John Wright* and *Benjamin Koony*, his sons-in-law,
stood to him; and must have had in his mind, what they might be
entitled to of his property, by reason of that connexion.   The legacy
of five pounds to each, was so small a sum, as to show clearly, that
it was not intended as a real benefit, but that the testator must have

(Wright and Wife *v.* Brotherton and another.)

had something more, or some other object in view.   No doubt, he was aware, if he did not by his will guard against it, the share, or money, coming to his daughters, might go to their husbands, in case the daughters died without issue, and pass to their representatives, who might be strangers to him. I think, he did guard against this.  The giving of the small legacies of five pounds to each son-in-law, with a declaration, that these legacies should be *in full* of their shares out of his estate, satisfies me, that the intent of the testator was, that neither of them should, under the will, receive any part of his estate, beyond the amount of the legacy given to each.   I confess, at first, on reading the will, I thought, the provision in it, in case his son *Frederick* should die, his share should go to his children, stood in the way of the construction I have given to this part of the will; but, on more mature reflection, I do not think so. Possibly, the testator may have heard something of lapsed legacies on the death of legatees, in the life time of the testator, against which he may have been desirous to guard, and, therefore, expressed himself in this part of the will in this way.   In this particular part of the will, the words are general, and may as well apply to the death of *Frederick* before the testator, as to any other time; and hence it is, that I think this clause of survivorship may have been intended to prevent a lapse, and, therefore, ought not to have any effect on construing the other parts of the will, from which it appears plainly to have been the intention of the testator, that all his children should have equal shares in the legacy left to his daughter *Elizabeth,* in case of her death without issue.   If then, the plaintiffs were now permitted to recover the whole of the one-fifth part of the share, which came to *Elizabeth,* the plain intention of the testator would be destroyed, which was to bestow his estate and property to and among his children, and to preserve the same, as long as possible to them, and them only.   The case of *Vickell* v. *Breton et al.,* 1 *Bro. Parl. Rep.* 167, resembles the present case in some particulars.   There *Thomas Breton,* by his will, ordered his executors to pay *Penelope,* whom he called a daughter of his wife, ten shillings, *and no more;* and to *William,* the son of his wife, ten shillings, *and no more.*   He did not dispose of the residue of his personal property.  The above-named two children, whom he would not acknowledge to be his legitimate children, brought a bill, among other things, to have the residue distributed to them, according to the statute of distribution.  The chancellor decreed for them; and the reason assigned was, that the words of exclusion, were not clearly expressed, and should be taken strictly.   This decree was appealed from, and was afterwards reversed in the House of Lords, so far as related to these two children; and they were excluded from any participation in the residue of the estate, because the testator had signified his intention in his will, that they should have no more than ten shillings.   I am aware of the case of *Byrne* v. *Byrne's Executors,* 3 *Serg. & Rawle,* 54, where, the testator having be-

(Wright and Wife *v.* Brotherton and another.)

queathed to his son five hundred dollars, and no more, it was held, that these words did not necessarily imply an intention, that he should have no other claim on the estate; but that case was decided under particular circumstances, not applicable to the case now under consideration.   In this case, the claim of the plaintiffs arises under the will, and the question is not, whether *Mary* shall be denied the enjoyment of any property bestowed on her in the will of her father, but what estate does she take under it?   It is the opinion of this court, that she takes a life estate in the legacy in question, and no more; and that, therefore, the judgment should be affirmed.

Judgment affirmed.